UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-6-MOC

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEVIN LEE SIMS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant Kevin Lee Sims' pro se motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 76). The Government has filed a response, agreeing that Defendant is eligible for a sentence reduction and consents to a reduction to 92 months in prison. (Doc. No. 79). For the following reasons, the Court grants Defendant's motion and re-sentences Defendant to 92 months in prison.

I.  Background

In April of 2018, Sims and Deangelo Williams robbed a Verizon Wireless store in Charlotte, North Carolina. (Doc. No. 61 ¶¶ 9–23). Both men wielded firearms during the robbery. (Id. ¶ 9). One of them collected phones and wallets from customers who had been ordered to the ground when the pair entered the store. (Id. ¶ 11). The other pointed his gun at an employee's face and ordered him to open the safe where employees put over 50 iPhones valued at more than $51,000 into a garbage bag. (Id.). When he committed this robbery, Sims had previously been convicted of possessing a firearm as a convicted felon and fleeing to elude arrest. (Id. ¶¶ 45, 47).

A federal grand jury indicted Sims and charged him with Hobbs Act conspiracy, 18 U.S.C. § 1951; Hobbs Act robbery, 18 U.S.C. § 1951; and brandishing a firearm during and in

1

relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 1). Sims entered into a plea agreement with the United States and pleaded guilty to the Hobbs Act conspiracy offense, in exchange for the United States' agreement to dismiss the firearm and substantive robbery charges. (Doc. Nos. 44, 47).

This Court's probation office submitted a presentence report and calculated a total offense level 26. (Doc. No. 61 ¶ 41). Sims's criminal history garnered 8 criminal-history points related to his prior convictions. (Id. ¶ 52). The probation office also assessed Sims two criminal-history points because he committed his offense while he was on probation. (Id. ¶ 53). The probation office concluded that the Sentencing Guidelines advised a sentence of between 110 and 137 months in prison based on a total offense level of 26 and a criminal-history category of V. (Id. ¶ 88). This Court varied downward by two offense levels and sentenced Sims to 98 months in prison. (Doc. No. 72 at 2).

During his time in the Bureau of Prisons, Sims has received two disciplinary citations. (Doc. No. 78 at 2). He possessed a hazardous tool and possessed drugs or alcohol in 2022. (Id.). Although he participated in drug-treatment programs, he did not successfully complete those courses. (Id. at 3). But he has completed five educational courses, including an advanced GED course. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18

2

U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. §

3

1B1.10(b)(2)(C).

**III. Analysis**

Defendant is eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his drug-trafficking offense while he was on probation — a criminal-justice sentence. Under Amendment 821, he would receive one criminal-history point because he received more than seven criminal-history points related to his prior convictions. With 9 criminal history points, instead of 10, Defendant's criminal-history category would be reduced from category V to category IV. See U.S.S.G. ch. 5, part A. And his guideline range, based on a total offense level of 26 and a criminal-history category of IV, would be reduced to 92–115 months in prison — the same range this Court applied after varying downward. See id. Defendant is therefore eligible for a sentence reduction to 92 months in prison. Because he received a downward-variance sentence, he is not eligible for a sentence reduction to a term less than the bottom of the revised guideline range.

The Court will sentence Defendant to 92 months in prison. Although Defendant committed two disciplinary infractions in 2022, Defendant has otherwise had a clear disciplinary record, and he has completed some educational courses. He is only eligible for a modest sentence reduction. Moreover, considering the sentencing objectives described in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction in Defendant's sentence is consistent with the purposes of sentencing.

**ORDER**

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Reduced Sentence (Doc. No. 76) is **GRANTED**.

**(2)** The Court sentences Defendant to 92 months in prison.

4

Case 3:19-cr-00006-MOC-SCR    Document 80    Filed 08/15/24    Page 4 of 5

Signed: August 15, 2024

Max O. Cogburn Jr
United States District Judge